IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JENNIFER TRUJILLO,
ASHLEY ALVARADO-CAMPOS,
Individually and on behalf of all others
similarly situated,

      Plaintiffs,

v.                                                                                  Case No. 1:25-cv-01001-DHU-LF

AMAZON.COM SERVICES, LLC,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on defendant Amazon.com Services, LLC ("Amazon")'s Motion to Stay Discovery Pending Disposition of its Motion to Dismiss (Doc. 16), filed November 18, 2025.  Plaintiffs filed a response in opposition on November 26, 2025 (Doc. 22).  Amazon filed a reply on December 10, 2025 (Doc. 26).  Having reviewed the briefings, the law, and otherwise being fully advised, the Court GRANTS the motion.

## BACKGROUND

This matter is a putative class action asserting violations of the New Mexico Minimum Wage Act for failure to pay Plaintiffs, and others similarly situated, overtime.  Doc. 1 at 2.  The case originally was filed in New Mexico state court, but Amazon removed the case to this Court on October 10, 2025.  *Id.* at 1.  On October 15, 2025, the Court issued an Initial Scheduling Order setting a Rule 16 Initial Scheduling Conference for December 5, 2025.  Doc. 5.  On October 31, 2025, Amazon filed a motion to dismiss Plaintiffs' individual and class action complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).  Doc. 8.  On November 18, 2025, Amazon moved the Court to vacate the Rule 16 conference and stay

discovery in this matter pending a decision on the motion to dismiss.  Doc. 16.  On December 2, 2025, the Court vacated the Rule 16 conference but took the motion to stay discovery under advisement.  Doc. 24 at 1–2.

## ANALYSIS

The Court has broad discretion to stay proceedings incident to its power to manage its docket.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  In addition, the Court may stay discovery pursuant to Federal Rule of Civil Procedure 26(c), which for good cause shown allows the Court to limit discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."  FED. R. CIV. P. 26(c); *see Buccheri v. Geico Ins. Co.*, No. 1:17-cv-00490-LF-KK, 2017 WL 3575486, at *2 (D.N.M. Aug. 17, 2017).  "A stay of all discovery is generally disfavored," *Silver v. City of Albuquerque*, No. 1:22-cv-00400-MIS-GBW, 2022 WL 9348637, at *2 (D.N.M. Oct. 14, 2022), but whether to stay discovery "depends greatly on each case's facts and progress," *De Baca v. United States*, 403 F. Supp. 3d 1098, 1112 (D.N.M. 2019).  To determine whether a stay of discovery is appropriate, judges in this district weigh the following factors: "(1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."  *Silver*, 2022 WL 9348637, at *1.  The party seeking a stay bears the burden of establishing its need.  *Clinton*, 520 U.S. at 708.

I.      **The plaintiffs' interests in proceeding expeditiously and the potential prejudice to plaintiffs of a delay.**

All plaintiffs typically have an interest in the expedient resolution of their cases.  *Ascent Energy, LLC v. Reach Wireline, LLC*, No. 2:21-cv-00326-KWR-CG, 2021 WL 3663852, at *2 (D.N.M. Aug. 18, 2021).  To constitute prejudice, however, a plaintiff's interest in proceeding

2

with discovery must be greater than a general interest in a quick resolution. *Silver*, 2022 WL 9348637, at *2. A plaintiff's concerns must establish a plausible showing of actual harm that rises above a "non-speculative prejudicial impact that would result from staying discovery." *Mestas v. CHW Group, Inc.*, No. 1:19-cv-00792-MV-CG, 2019 WL 5549913, at *2 (D.N.M. Oct. 28, 2019) (citation modified) (quoting *Burke v. Alta Colleges, Inc.*, No. 11-cv-02990-WYD-KLM, 2012 WL 502271, at *2 (D. Colo. Feb. 15, 2012)). The evanescence of discoverable material similarly does not favor a plaintiff where the plaintiff fails "to sufficiently identify any special urgency beyond that which is present in a typical civil case." *Ascent Energy*, 2021 WL 3663852, at *3; *see also New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, No. 1:12-cv-00526-MV-GBW, 2013 WL 12304061, at *1 (D.N.M. July 11, 2013) (a defendant's litigation hold on its own documents allays concerns about information that may be lost if discovery is stayed).

Amazon argues that "the same discovery will be available to Plaintiffs once a stay is lifted as they would obtain by proceeding with discovery at present," and that it is preserving relevant evidence related to its New Mexico employees' pay types. Doc. 16 at 5. Amazon further states that, "because the basic facts are not in dispute, witness testimony will not be critical." *Id.* Plaintiffs do not raise concerns about preservation of evidence but argue that this factor is at most neutral, because "it is Plaintiffs who will suffer a large burden if [they] cannot move forward with [their] motions practice." Doc. 22 at 8. Plaintiffs also refer to a case in the District of Colorado involving the same defendant but different plaintiffs in arguing that an "enormous amount of delay" might occur. *Id.* at 7–8 (citing *Hamilton v. Amazon Services.com LLC*, No. 22-cv-00434-PAB, 2022 WL 1746899 (D. Colo. May 31, 2022)). In *Hamilton*, the court denied Amazon's motion to stay briefing on the plaintiffs' motion for class certification

3

pending a decision on Amazon's motion to dismiss the complaint.  2022 WL 1746899, at \*1–\*2. Plaintiffs state that the motion for class certification has remained pending in the over three and a half years since the court denied Amazon's motion to stay.  Doc. 22 at 7–8.

Plaintiffs' concern about not being able to move forward with their motion practice amounts to a general concern with expedient resolution of this case; while this concern is understandable, it does not rise to the level of prejudice that would sway this factor in Plaintiffs' favor.  *See Silver*, 2022 WL 9348637, at \*2.  Moreover, Plaintiffs' concerns about a lengthy delay resulting from a stay in this matter are speculative.  *See Mestas*, 2019 WL 5549913, at \*2. In *Hamilton*, Amazon moved to stay briefing on plaintiffs' motion for class certification rather than to stay discovery.  2022 WL 1746899, at \*1.  Further, the years-long delay in that case does not appear to be related to any stay; on the contrary, the court denied Amazon's motion to stay briefing.  *Id.* at \*2.  *Hamilton* is a different case with a different procedural posture pending in a different court involving different plaintiffs, and the Court does not find it analogous enough to suggest that a years-long delay will result from a stay of discovery issued in this case.  The Court thus finds that this factor weighs in favor of a stay.

## II.        The burden on the defendant if discovery is not stayed.

The second factor considers the burden imposed on the defendant should discovery proceed.  Many courts within the Tenth Circuit have recognized that "the burdens attendant to discovery on class action claims exceed the normal burdens of litigation and therefore are particularly salient for purposes of a motion to stay discovery."  *Silver*, 2022 WL 9348637, at \*3 (collecting cases).  These elevated burdens may constitute undue prejudice to a defendant "during the pendency of a motion that could result in the dismissal of the entire case."  *Id.*; *see also Anderson Living Tr. v. XTO Energy, Inc.*, No. 1:11-cv-00959-JCH-LFG, 2012 WL

13001855, at *2 (D.N.M. May 15, 2012) (extending a stay of discovery pending ruling on a pre-certification motion to dismiss "before the parties are put through the burdens and expense of certification discovery").

Amazon argues that it "will likely be tasked with far more than the ordinary burdens of litigation if required to participate in discovery in this case," and that it will largely bear the expense of that discovery. Doc. 16 at 6. Plaintiffs argue that Amazon already has made admissions that obviate burdensome discovery on any Rule 23 issues. Doc. 22 at 7. However, Plaintiffs acknowledge that as the litigation progresses, "the paperwork and documents will be enormous since they will include the pay records of over 7,000 workers." *Id.* at 6. Further, Amazon contests that it will not face burdensome discovery on Rule 23 issues. Doc. 26 at 4. Considering this district's practice of staying discovery to spare defendants the burden of class discovery while a dispositive motion is pending, the Court finds that this factor weighs in favor of a stay.

## III.   The convenience to the Court.

The third factor considers the convenience to the Court of staying discovery. Stays pending Rule 12(b)(6) motions to dismiss "are generally disfavored in this district because they may prolong litigation or incentivize the filing of 12(b)(6) motions as a strategy for pausing lawsuits." *Silver*, 2022 WL 9348637, at *4 (citing *Ascent Energy*, 2021 WL 3663852, at *4). However, dispositive motions filed in a putative class action have been recognized as an exception. *See id.* ("[T]he pendency of a motion that could be fully dispositive of a purported class action is a unique circumstance that weighs in favor of a stay, given the elevated burdens on a court from overseeing class discovery."); *Anderson Living Tr.*, 2012 WL 13001855, at *2 (dispositive pre-certification motions should be decided "before the parties are put through the

5

burdens and expense of certification discovery"); *J.D. Heiskell Holdings, LLC v. Willard Dairy, LLC*, No. 1:23-cv-00854-JCH-JFR, 2024 WL 3829970, at *5 (D.N.M. Aug. 15, 2024) (noting that a defendant's pending dispositive motion in a putative class action lawsuit "uniquely weighs in favor of a discovery stay").  Further, the convenience to the Court weighs in favor of a stay where discovery has not yet begun and "there is no discovery schedule in [the] case to disrupt." *Ascent Energy,* 2021 WL 3663852, at *4.

This case is a putative class action involving the records of over 7,000 employees, and the Court likely will take on an elevated supervisory role during class discovery.  *See Silver*, 2022 WL 9348637, at *4.  The Court already has vacated its Rule 16 conference, Doc. 23, and the case is in an early enough stage that there is no ongoing discovery for a stay to disrupt, *see Ascent Energy*, 2021 WL 3663852, at *4.  "If the Motion to Dismiss is resolved against [Amazon], the Court will simply reissue an Initial Scheduling Order, schedule a Rule 16 hearing, and set a discovery schedule."  *Id.*  The Court accordingly finds that this factor weighs in favor of a stay.

### IV.    The interests of persons not parties to the litigation.

The fourth factor considers the interest of persons who are not party to the litigation.  In a putative class action, this factor implicates the interests of the putative class members.[1]  *Silver*, 2022 WL 9348637, at *4.  Putative class members have an interest in the expedient resolution of the case, but this general interest, without more, is not a persuasive reason to deny a stay.  *Id.*  Amazon argues that the putative class members will not be prejudiced by a stay because the

---

[1] Plaintiffs propose to define the class as "[a]ll classes of U.S. non-exempt hourly employees who worked in AMZL workplaces and Fulfillment Centers throughout New Mexico who worked more than 40 hours during weeks in which they also worked on a Company Holiday, dating back three years from the date of filing."  Doc. 1-1 at 8.

commencement of this case as a putative class action tolled the statute of limitations on their claims. Doc. 16 at 7–8 (citing *State Farm Mut. Auto. Ins. Co. v. Boelltorff*, 540 F.3d 1223, 1230 (10th Cir. 2008)). Plaintiffs do not dispute this, but argue that this case implicates "tens of millions of dollars of unpaid wages" for "over 7,100 New Mexico Amazon workers" who "will be directly affected by a quick and efficient resolution of the issues." Doc. 22 at 5. The putative class members' interest in a quick and efficient resolution to this case is no doubt important, but it does not rise above a general interest in the case's expedient resolution. *See Silver*, 2022 WL 9348637, at *4. The Court thus finds that this factor weighs in favor of a stay.

V.    **The public interest.**

The fifth and final factor considers how a stay may affect the public's interest in the litigation. Amazon argues that the public has an interest in this case's "efficient and just resolution," and that "avoiding wasteful efforts by the court clearly serves this interest." Doc. 16 at 8 (citation modified) (quoting *Harper v. City of Cortez*, No. 16-cv-03102-LTB-KMT, 2017 WL 1176417, at *2 (D. Colo. Mar. 30, 2017)). Plaintiffs argue that this case implicates the rights of thousands of workers, and that the "public interest lies in getting this matter resolved as quickly as possible." Doc. 22 at 4. Plaintiffs further refer to the public policy that "stays pending resolution of 12(b)(6) motions are the exception in this District, not the rule." *Id.* at 5 (quoting *Ascent Energy*, 2021 WL 3663852, at *4).

The parties appear to agree that the public's interest lies in having this matter resolved as efficiently as possible although they disagree on whether a stay advances or impedes that interest. Amazon argues that the stay promotes the case's efficient resolution by alleviating the burden on the court's resources, Doc. 16 at 8, while Plaintiffs argue that a stay delays the case's resolution by preventing Plaintiffs from filing discovery motions, Doc. 22 at 4. Plaintiffs'

concerns with delay in this case are understandable, but the public interest in resolving this matter efficiently will be adequately served by the Court's timely resolution of the pending motion to dismiss. *See Mestas*, 2019 WL 5549913, at *2. And while it is true that stays pending Rule 12(b)(6) motions are the exception rather than the rule in this district, *Ascent Energy*, 2021 WL 3663852, at *4, as explained above, courts in this district have found that pending dispositive motions in putative class actions warrant such an exception, *see Silver*, 2022 WL 9348637, at *5; *Anderson Living Tr.*, 2012 WL 13001855, at *2. The Court therefore finds that this factor favors a stay.

After weighing the five factors together in light of the circumstances of this case, the Court finds that all five factors weigh in favor of staying discovery. The Court therefore concludes that a temporary stay of discovery in this matter pending the resolution of Amazon's pending motion to dismiss is appropriate.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Amazon's Motion to Stay Discovery (Doc. 16). Discovery in this matter is STAYED pending the Court's ruling on Amazon's Motion to Dismiss for Failure to State a Claim (Doc. 8).

IT IS SO ORDERED.

Laura Fashing
U.S. Magistrate Judge