**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**JENNIFER TRUJILLO and
ASHLEY ALVARADO-CAMPOS, individually
and on behalf of all others similarly situated,**

      **Plaintiffs,**

**v.**                                           **2:25-cv-01001-DHU-LF**

**AMAZON.COM SERVICES LLC,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Amazon.com Services LLC's ("Amazon") Motion to Dismiss Plaintiffs' Individual and Class Action Complaint ("Complaint") (Doc. 8) under Fed. R. Civ. P. 12(b)(6). After reviewing Plaintiffs' Complaint, Doc. 1-1, and considering the parties' briefs and the relevant and applicable law, the Court finds that Amazon's motion is not well-taken and is **DENIED**.

### I.      BACKGROUND

This case focuses on how Amazon calculates overtime pay for its hourly employees. Amazon owns and operates at least six warehouses in New Mexico as part of its nationwide fulfillment network. Doc. 1-1 at ¶ 11. It employs "hundreds or even thousands of hourly employees" at these warehouses, including Plaintiffs Jennifer Trujillo and Ashley Alvarado-Campos.[1] *Id.* at ¶¶ 7–8, 10. Plaintiffs were offered various "incentive payment structures" throughout their employment with Amazon designed to encourage them to work additional shifts or to stay late after their scheduled shifts. *Id.* at ¶ 12. These incentives included Holiday Incentive

---

[1] Plaintiffs left their employment with Amazon in August 2024 and January 2025, respectively.

1

Pay ("HIP"), consisting of 1.5 times the usual hourly pay rate, for working on designated company holidays, such as Labor Day or Thanksgiving Day. *Id.* at ¶¶ 13, 15.

Plaintiffs' Complaint focuses on Amazon's treatment of HIP for purposes of calculating the rate of overtime pay. The New Mexico Minimum Wage Act ("NMMWA"), N.M. STAT. ANN. § 50-4-19 to -30 (1955, as amended through 2021), provides that "an employee shall not be required to work more than forty hours in any week of seven days, unless the employee is paid one and one-half times the employee's regular hourly rate of pay for all hours worked in excess of forty hours." *Id.* at § 50-4-22(D). According to the Complaint, Amazon violated the NMMWA by improperly excluding HIP from its calculation of Plaintiffs' regular rate for purposes of determining the appropriate rate of pay for overtime. Doc. 1-1 at ¶¶ 19, 42. More specifically, Plaintiffs allege that Amazon did not include HIP when adding up the total compensation that Plaintiffs were paid in a week, resulting in a lower regular rate of pay than if Amazon had included HIP. *Id.* at ¶¶ 19–20. Because a worker's regular rate of pay determines the amount of overtime pay that the worker receives, Plaintiffs claim that Amazon's failure to include HIP in their regular rate of pay prevented Amazon from paying them correctly for all of the overtime they earned. *Id.*

Amazon now moves the Court to dismiss Plaintiffs' Complaint, pointing out that New Mexico law does not require it, or other New Mexico employers, to include HIP in the regular rate of pay for overtime calculations. Doc. 8 at 2. According to Amazon, "[t]he federal Fair Labor Standards Act ("FLSA") specifically provides that if employees are paid one-and-a-half their base rate of pay for working on holidays, that premium pay may be *excluded* from the regular rate calculation." *Id*. Amazon argues that "there is no law, regulation or case providing, or even suggesting, that New Mexico law requires anything different." *Id*. Thus, concludes Amazon, Plaintiffs have failed to state a claim against Amazon as a matter of law.

## II.    LEGAL STANDARD

Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint . . . ." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint does not need to include detailed factual allegations, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Emps.' Ret. Sys. of R.I. v. Williams Cos., Inc.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 792 (10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In making this assessment, "[t]here is no fact-finding, as we accept [plaintiff's] well-pleaded factual allegations as true after setting aside mere legal conclusions. And the plaintiff receives the benefit of the doubt [and courts] view the facts in the light most favorable to the plaintiff and draw all reasonable inferences in [plaintiff's] favor." *Vasquez-Garcia v. Centurion, LLC*, 172 F.4th 1150, 1157 (10th Cir. 2026) (citing *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021)); *see also Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013).

"Together, these principles erect a relatively high bar for a Rule 12(b)(6) dismissal that leaves room for the district court to decide only one, largely legal question: whether the facts

alleged, taken as true, plausibly state a claim upon which relief can be granted." *Vasquez-Garcia*, 172 F.4th at 1157 (citing *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011)). "Plausibility is not probability, simply 'more than a sheer possibility.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678).

## III.   DISCUSSION

In order to state a claim under the NMMWA, Plaintiffs must plead that: (a) they worked more than forty hours a week, (b) management knew or should have known that they did so, and (c) they were not compensated for the overtime. *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 15, 970 P.2d 582, 589. As noted above, the statute provides that overtime pay must constitute "one and one-half times the employee's regular rate of pay." N.M. STAT. ANN. § 50-4-22(D). Amazon does not dispute that Plaintiffs have pled these elements, and the Court agrees that the Complaint sufficiently asserts that Plaintiffs worked more than forty hours a week, that Amazon was aware of that fact, and yet, according to Plaintiffs, they were not paid overtime at one and one-half their regular rate of pay.

Amazon nevertheless asks the Court to dismiss Plaintiffs' Complaint on the grounds that the NMMWA does not require an employer to incorporate HIP into any additional overtime premiums when calculating the regular rate of pay. Doc. 8 at 4. Amazon argues that the NMMWA should be interpreted harmoniously with the FLSA, the federal statute governing overtime compensation. The FLSA expressly provides that, in calculating the overtime rate, the regular rate of pay "shall not be deemed to include extra compensation provided by a premium rate paid for work by the employee on Saturdays, Sundays, holidays . . . where such premium rate is not less than one and one-half times the rate established in good faith for like work performed in nonovertime hours on other days." 29 U.S.C. § 207(e)(6). In other words, the FLSA expressly

*excludes* HIP from the calculation concerning the regular rate of pay for purposes of establishing the appropriate overtime rate.

In their Complaint, Plaintiffs allege no claims under the FLSA. Doc. 1-1. Instead, Plaintiffs bring claims under the NMMWA, and there is no provision in the NMMWA similar to the provision in the FLSA expressly excluding HIP from the calculation of the regular rate of pay. *See* N.M. STAT. ANN. § 50-4-22. Still, Amazon argues that the Court should interpret the NMMWA consistent with the HIP exception in the FLSA, claiming that its request is in line with case law from both New Mexico state courts and this Court. The Court agrees that New Mexico law provides that when two statutes cover the same subject matter, as the NMMWA and the FLSA do, New Mexico courts "attempt to harmonize and construe them together in a way that facilitates their operation and the achievement of their goals." *N.M. Dep't of Lab. v. A.C. Elec., Inc.*, 1998-NMCA-141, ¶ 20, 965 P.2d 363, 368. In the cases relied upon by Amazon, the issue was the interpretation of a term or phrase used in both a state statute and a federal statute with similar or identical language. *See Williams v. Mann*, 2017-NMCA-012, ¶ 29, 388 P.3d 295, 305; *Sinclaire v. Elderhostel, Inc.*, 2012-NMCA-100, ¶ 14, 287 P.3d 978, 981; *A.C. Elec., Inc.*, 1998-NMCA-141, ¶ 17, 965 P.2d 363, 367; *Valentine v. Bank of Albuquerque*, 1985-NMSC-033, ¶ 4, 697 P.2d 489, 490; *West v. Bam! Pizza Mgmt., Inc.*, 2025 WL 2879940, at \*4-5 (D.N.M. Oct. 9, 2025).

But here, the Court is being asked to do more than just interpret a term or phrase (specifically, the term "regular rate of pay"); it is being asked to read into the NMMWA an expressly stated exception to the regular rate of pay calculation that is in the FLSA, but not in the NMMWA. The Court notes that the FLSA was amended in 1949 to add Section 207(e)(6), which excludes from this calculation any "extra compensation provided by a premium rate paid for work by the employee on Saturdays, Sundays, holidays, or regular days of rest, or on the sixth or seventh

day of the workweek." 29 U.S.C. § 207(e)(6); Fair Labor Standards Amendments of 1949, Pub. L. No. 81-393, 63 Stat. 910 (1949). The NMMWA, on the other hand, was originally passed in 1955, six years after the HIP exclusion was added to the FLSA. Surely, the New Mexico legislature was and is aware of the language and various provisions of the FLSA; however, over the sixty years of the NMMWA's existence, it has not amended the statute to comport with the FLSA's exclusion of HIP from the calculation of the regular rate of pay. When the state legislature has decided to incorporate a provision of the FLSA into the NMMWA or to require that a certain calculation be conducted in accordance with the federal statute, it has done so explicitly. For instance, in the same section of the statute that provides that employers must pay employees one and one-half times the employee's regular hourly rate of pay for all hours worked in excess of forty hours, the legislature added that, for certain employees who are paid a fixed salary for fluctuating hours providing services to the federal government, "the hourly rate may be calculated in accordance with the provision of the federal Fair Labor Standards Act of 1938 and the regulations pursuant to that act." N.M. STAT. ANN. § 50-4-22(D).

In sum, while the state legislature is free to amend the NMMWA to include the exclusion of HIP in the calculation of the regular rate of pay for purposes of overtime pay calculation, this Court will not read into the NMMWA a provision that the state legislature chose not to include in its enactment of the statute and chose not to add over the decades of its existence. The relevant question at this stage of the litigation is whether Plaintiffs have set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Williams Cos., Inc.*, 889 F.3d at 1161. Drawing all reasonable inferences in Plaintiffs' favor, and assuming the truth of their factual allegations, the Court is satisfied that Plaintiffs have plausibly alleged their claim that Amazon has violated the NMMWA.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Amazon's Motion to Dismiss (Doc. 8) is **DENIED**.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE